IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RUDOLPH BAITT,** | ) CASE NO. 1:18 CV 1578 |
| **Plaintiff,** | ) |
| v. | ) **JUDGE DONALD C. NUGENT** |
| **CORE CIVIC CORP., et al.,** | ) |
| | ) **MEMORANDUM OPINION** |
| **Defendants.** | ) **AND ORDER** |

*Pro se* Plaintiff Rudolph Baitt ("Baitt" or "Plaintiff"), a prisoner at Lake Erie Correctional Institution ("LECI"), filed this action against defendants Core Civic Corp. ("CCC"), Warden Brigham Sloan ("Sloan"), and Inspector Sackett ("Sackett) (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 (Docket #1). Plaintiff alleges that he fell and broke his shoulder because Defendants failed to clear snow and ice from a walkway at LECI, and seeks damages against CCC in the amount of $100,000.00. (*Id.* at 5).

For the reasons that follow, this action is dismissed.

**I. Background**

Plaintiff's brief complaint does not state a date or dates when Defendants' alleged misconduct occurred, or when he allegedly sustained a broken shoulder. Nor does he make specific allegations against any particular defendant. Rather, Plaintiff generically alleges that defendant's reckless and wanton conduct "via its Warden et al." resulted in "ultra-hazardous"

slippery conditions and caused his injury. Plaintiff alleges that "defendant" sanctioned haphazard and sporadic snow removal and refused to use salt, illustrating a "perverse disregard" for the safety of inmates. Attached to the Complaint are affidavits by two prisoners at LECI who aver that snow and ice are not adequately removed from walkways at LECI. (*See* Docket #1-4, 1-5). Plaintiff states that he unsuccessfully filed a grievance and complaint regarding the snow and ice conditions at LECI, and the Chief Inspector affirmed. (*See* Docket #1 at 2).

## II. Discussion

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or lacks an arguable basis in law or fact. In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

The plausibility standard is not equivalent to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(a)(2)).

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). That said, the courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Plaintiff attached two affidavits to the Complaint in support of his allegations. "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Court will, therefore, consider Plaintiff's exhibits. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. 2015) ("The federal rules treat [exhibits attached to the complaint] as part of the pleadings.").

**B. Analysis**

**1. Plaintiff fails to state a § 1983 claim**

Section 1983 is not a source of substantive rights, but a means by which Plaintiff may seek relief for the deprivation of rights secured by the Constitution and federal laws. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted). To state a claim under § 1983, Plaintiff

-3-

must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." [1] *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff does not state a plausible § 1983 claim because the Complaint does not identify any right secured by the Constitution of which Plaintiff was allegedly deprived. Moreover, Plaintiff fails to allege specific conduct on the part of each defendant that Plaintiff claims deprived him of a constitutional right. Plaintiff generically refers to "defendant" throughout the Complaint, but does not assert specific factual allegations against CCC, Sloan,[2] or Sackett.[3] Where a defendant is named without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).

This Court is not required to conjure unpleaded facts or construct claims against Defendants on Plaintiff's behalf. *See Grinter*, 532 F.3d at 577. Plaintiff's failure to allege a

---

[1] The statute of limitations for Plaintiff's § 1983 claim is two years. *See Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (citation omitted). Plaintiff does not specify the date that he fell and broke his shoulder. To the extent Plaintiff brings this action more than two years after his injury, that claim is subject to dismissal as untimely.

[2] To the extent Plaintiff is asserting a claim against Sloan on the basis of *respondeat superior* or vicarious liability, that claim fails. Sloan is not liable under § 1983 simply because he is the warden at LECI in the absence of some personal involvement in the alleged unconstitutional conduct. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Monell v. Dep't of Soc. Srvs.*, 436 U.S. 658 (1978)).

[3] To the extent Plaintiff is asserting a claim against Sackett because he affirmed the denial of Plaintiff's grievances, he fails to state a § 1983 claim. *See Grinter*, 532 F.3d at 576 (6th Cir. 2008) (alleged denial of administrative grievance does not state a § 1983 claim) (citations omitted); *see also Proctor v. Applegate*, 661 F. Supp. 2d 743, 766 (E.D. Mich. 2009) (An inmate's dissatisfaction with the responses to his grievances fails to state a § 1983 claim because a prison grievance procedure does not confer any substantive rights.) (collecting cases).

-4-

constitutional deprivation, or specific conduct on the part of each defendant with respect to any such deprivation, renders the Complaint insufficient to state a claim upon which relief can be granted and subject to dismissal pursuant to § 1915(e)(2)(B) on that basis alone.

To the extent that Plaintiff is attempting to assert an Eighth Amendment claim concerning conditions of confinement, he also fails to state a plausible claim upon which relief may be granted. In order to state an Eighth Amendment claim for inhumane conditions of confinement, Plaintiff must satisfy both objective and subjective requirements. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). With respect to the objective component, Plaintiff must show that he is incarcerated under conditions "posing a substantial risk of serious harm." *Id.* As to the subjective component, Plaintiff must show that Defendants were "deliberately indifferent" to a substantial risk of serious harm. That is, Plaintiff must show that the Defendants knew of an excessive risk of serious harm to Plaintiff and disregarded it. *Id.* at 837. More than an ordinary lack of due care is required. *Id.* at 835.

Plaintiff fails to plausibly allege either component of an Eighth Amendment claim. Federal courts have "nearly unanimously held" that icy walkways and slippery prison floors do not give rise to an Eighth Amendment constitutional violation. *See Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (collecting cases); *White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 1994). "While an icy prison yard walkway presents the possibility for an inmate to slip and fall, it does not pose a substantial or excessive risk of serious harm." *Cruce v. Mich. Dep't of Corr.*, No. 2:09-CV-11523, 2009 WL 1383316, at *2 (E.D. Mich. May 15, 2009) (citation omitted). But "courts have occasionally found that a slip-and-fall case that has additional exacerbating factors can create a plausible allegation of constitutional harm." *Lamb*, 677 F. App'x at 209

-5-

(citing *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (holding that where the plaintiff was disabled, had to use crutches, and had fallen many times due to slippery conditions in the shower, and prison officials were aware of all of these facts, the plaintiff could potentially state a deliberate-indifference claim)); *cf.*, *Kirby v. Kentucky Corr. Psychiatric Ctr.*, 198 F.3d 246 (6th Cir. 1999) (Table) ("Defendants acted, at most, with mere negligence or lack of due care by failing to provide shower mats or railing [to an inmate who required the use of a sling for one of his arms and slipped and fell when exiting the shower]. However, mere negligence is insufficient to establish an Eighth Amendment claim.") (citing *Farmer*, 511 U.S. at 835).

Plaintiff does not allege any exacerbating circumstances or factors that might convert his simple slip-and-fall claim into a plausible Eighth Amendment claim. Plaintiff's remedy, if any, regarding the injuries he sustained as a result of Defendants' alleged "haphazard and sporadic" snow removal efforts at LECI "'must be sought in state court under traditional state tort law principles.'" *Cruce*, 2009 WL 1383316, at *2 (quoting *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (further citation omitted)).

This action is subject to dismissal pursuant to § 1915(e)(2)(B) for the additional reason that the Complaint fails to state a plausible Eighth Amendment claim upon which relief can be granted.

### 2. Plaintiff's state law claims are dismissed without prejudice

To the extent that Plaintiff is asserting a state law claim, the Court, having dismissed Plaintiff's federal claim, declines to exercise supplemental jurisdiction over any such claim. *See* 28 U.S.C. 1367(c); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Plaintiff's state law claims are dismissed without prejudice.

## III. Conclusion

For the reasons stated herein, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Any state law claim that Plaintiff may be asserting is dismissed without prejudice. Plaintiff's motion for default judgment (Docket #3) is moot, and denied as such.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

DONALD C. NUGENT
United States District Judge

DATED: April 22, 2019